**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SIPCO, LLC,**<br>**Plaintiff,**<br>**v.**<br>**ABB INC.,**<br>**Defendant.** | **Civil Action No. 1:19-cv-01365-MN**<br><br>**JURY TRIAL DEMANDED** |

# FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for Patent infringement in which Plaintiff SIPCO, LLC complains against Defendant ABB Inc., all upon information and belief, as follows:

## Identification of Parties, Jurisdiction and Venue

1. Plaintiff SIPCO, LLC ("SIPCO") is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 13921 Park Center Road, Suite 380, Herndon, Virginia 20171.

2. Defendant ABB Inc. ("ABB") is a company organized under the laws of Delaware with a principal place of business at 12040 Regency Parkway, Suite 200, Cary, North Carolina 27518, and a registered office at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3. ABB states it is a leading innovator of advanced power and automation technologies, and has been selling products, systems and services in these fields for decades.

4. This action arises under the Patent laws of the United States, Title 35 of the

United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over all Defendant by virtue of the Defendant being a corporation created and existing under the laws of the State of Delaware.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b) at least because ABB is incorporated in this District and resides in this District.

**Parties**

7. SIPCO is a small research, development and technology companies now based in Virginia. T. David Petite is a founding member of the company.

8. In the 1990's, through his own individual research and development efforts, Mr. Petite invented a large number of wireless control and distribution technology applications. The inventions resulting from Mr. Petite's efforts include, but are not limited to, various ways of moving data as economically and seamlessly as possible over both wired and wireless networks.

9. Through the 1990's and early 2000's investors contributed tens of millions of dollars for technology development and implementation of networks. Clients included Georgia Power, Alabama Power, Newnan Utilities GA, Johnson Controls, Synovus Bank and Grand Court Lifestyles residential living facilities.

10. After proving that the technology worked in the field, several companies competed to purchase an exclusive license to Mr. Petite's technology for the market known as "smart grid." Landis+Gyr (http://www.landisgyr.com/) (previously Siemens Metering) took an exclusive license to the smart grid technology in 2002 and in 2005 purchased rights to the technology for utility applications for $30,000,000. Mr. Petite's technology has been deployed in millions of meters deployed across North America and throughout the world.

11. SIPCO retained the rights to the mesh network Patents, and for use of the technology outside of the utility space. It still maintains ownership of the software, firmware, hardware and Patent portfolio that resulted from Mr. Petite's research and development efforts, and SIPCO continues to develop and deploy wireless technology applications and wireless technology systems throughout the United States.

12. SIPCO's Patent portfolios (of which the Patents in suit are a part) include inventions that are widely recognized as pioneering in various fields of use. As a result, over 100 companies have taken licenses to them. Licensees include companies operating in the vertical markets of Industrial Controls, Smart Grid, Building Automation, Network Backhaul, Home Appliance, Home Automation and Entertainment, Sensor Monitoring, and Internet Service Provisioning. Licensed products include products using standard wireless mesh protocols such as WirelessHART, ZigBee, IEEE 802.15.4, Z-Wave, and as well as proprietary wireless protocols such as that marketed by Enocean.

13. Plaintiff Sipco had previously sued ABB on certain Patents. Sipco and ABB, thereafter, on November 25, 2014, signed two licensing agreements, by which Plaintiff licensed its Patent portfolio to ABB for use with certain specified and defined products, which are expressly excluded from this action, in return for a royalty.

14. After the two licensing agreements were executed, however, ABB has not paid any royalties for any of the products here in issue and has not requested any amendment of the two licenses to include the products accused of infringement in this action.

15. Plaintiff wrote to ABB on February 23, 2018, commenting that certain ABB products required were within the scope of the Plaintiff' Patent claims, but were not included with the licenses, and that the parties should amend the licenses with ABB paying a royalty

thereon. On March 13, 2019, Plaintiff sent Defendant a letter with charts demonstrating that Defendant was infringing at least Patent Nos. 8,964,708 and 9,430,936.

16. ABB has ignored Plaintiff's overtures and has neither requested an amendment to the licensing agreements, paid a royalty nor provided any justification for ABB's course of conduct.

17. On March 13, 2019, Plaintiff delivered a formal letter identifying ABB's infringing products, and included detailed claim charts demonstrating ABB's infringement. ABB ignored this letter as well.

18. As a consequence of ABB's misconduct in refusing to address the ongoing infringement issues, Plaintiff were forced to file the present action.

19. The Accused Instrumentalities are the ABB WirelessHART Systems:




and the components thereof, including the following:

i. WirelessHART temperature sensors/transmitters TTF300-W; TSP300-W; TSP311-W; TSP321-W; TSP331-W; TSP341-W, with or without an integrated Energy Harvester (See, e.g., https://new.abb.com/products/measurement-products/temperature/process-industry-head-thermometers/tsp300-w-wirelesshart-temperature-sensor);

ii. WirelessHART pressure sensors/transmitters266DSH; 266DRH; 266HSH; 266HRH; 266NSH; 266NRH (See, e.g., https://new.abb.com/products/measurement-products/wireless-products-and-

solutions/wireless-instruments-networks-and-integration-solutions/wirelesshartpressuretransmitter);

iii. Vibration and temperature sensor WiMon100 (See, e.g., https://new.abb.com/products/measurement-products/device-management-fieldbus-and-wireless/wimon-vibration-sensor) [a specific model, 3BNP100582R1, was licensed under the November 25, 2014 Patent License Agreement, but no royalties have been paid by ABB] ;

iv. Gateways associated with two or more of the above components, including AWIN GW100 WirelessHART Gateway; and

v. Other supporting components associated with systems that include two or more of the components identified in i-iii above, such as DHH805-A Handheld Communicator.

20. The above products are hereafter referred to as the Accused Instrumentalities.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,914,893**

21. Plaintiff hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-20 and incorporates them by reference.

22. On July 5, 2005, United States Patent No. 6,914,893 ("the '893 Patent"), titled "System and Method for Monitoring and Controlling Remote Devices," was duly and legally issued by the United States Patent and Trademark Office to inventor on July 5, 2005 to inventor Thomas D. Petite. The '893 Patent is based on U.S. Patent Application No. 09/812,044, filed on March 19, 2001. A copy of the '893 Patent is attached hereto as Exhibit A.

23. Plaintiff SIPCO is the owner by assignment of the '893 Patent.

24. On July 13, 2015, Emerson Electric Co. ("Emerson") instituted an *Inter Partes* Review proceeding, in which the Petitioner alleged the unpatentability of claims 1, 2, 10, and 37 of the '893 Patent, IPR2015-01579. On January 14, 2016, the Patent Trial And Appeal Board of the United States Patent and Trademark Office denied the petition on grounds of lack of evidence of unpatentability.

25. On November 14, 2016, Emerson instituted an *Inter Partes* Review proceeding, in which the Petitioner alleged the unpatentability of claims 1-3, 10, 17, 18 and 37 of the '893 Patent, IPR2017-00260. On May 26, 2017, the Patent Trial And Appeal Board of the United States Patent and Trademark Office denied the petition on grounds that "Petitioner has not established that there is a reasonable likelihood Petitioner would prevail in showing the unpatentability of any one of the challenged claims, 1–3, 10, 17, 18, and 37, of the '893 patent."

26. On August 3, 2018, Sipco filed a complaint with the United States International Trade Commission ("ITC") against Respondents Analog Devices, Inc., Linear Technology LLC, Emerson Electric Co., Emerson Process Management LLLP, Emerson Process Management Asia Pacific Private Ltd., Emerson Process Management Manufacturing (M) Sdn. Bhd., Fisher-Rosemount Systems, Inc., Rosemount Inc., and Rosemount Inc. (collectively, "Respondents"). On September 5, 2018, the ITC instituted Investigation Number 337-1131, titled "Certain Wireless Mesh Networking Products and Related Components Thereof," Inv. No. 337-TA-1131. ("ITC Action"). The ITC Action involved originally U.S. Patent No. 6,914,893; 7,103,511; 8,964,708; and 9,439,126. Subsequently, Patents 7,103,511; and 9,439,126 were withdrawn, and the ITC Action was terminated as to those two Patents.

27. In the ITC Action, in a Markman Order dated August 13, 2019 ("ITC Markman Order"), the ITC held that dependent claim 10 of the '893 Patent was indefinite, because

"[w]hile the claim describes two of the conditions—the "second condition" and "third condition"—it is silent as to the remaining condition—the first condition." No other claim of the '893 Patent was determined to be indefinite or otherwise invalid. The dependent claim held indefinite is not being pursued here.

28. Defendant ABB has directly infringed and continues to infringe at least independent claims 1 and 19, and dependent claims 2-4, and 21-25 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and/or selling the Accused Instrumentalities. The correspondence between claim 1 of the '893 Patent and representative ABB accused systems is shown in Exhibit B.

29. Defendant has been aware of the '893 Patent and its application to ABB's products since at least November 25, 2014, when Defendant had taken two separate licenses under the Patent with respect to products related to the Accused Instrumentalities. Defendant's acts of infringement have been willful.

30. Defendant's acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff are entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 8,964,708**

31. Plaintiff hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-20 and incorporates them by reference.

32. On February 24, 2015, United States Patent No. 8,964,708 ("the '708 Patent"), titled "Systems and Methods for monitoring and Controlling Remote Devices," was duly and legally issued by the United States Patent and Trademark Office on February 24, 2015 to

inventor Thomas D. Petite. The ’708 Patent is based on U.S. Patent Application No. 12/758,590, filed on April 12, 2010. A copy of the ’708 Patent is attached hereto as Exhibit C.

33. The ’708 Patent is a continuation of U.S. Patent No. 7,697,492, which is a continuation of the ’893 Patent. The ’893 and the ’511 Patents both claim continuation-in-part priority to U.S. Patent Application No. 09/412,895, issued as U.S. Patent No. 6,218,953.

34. Plaintiff Sipco is the owner by assignment of the Patent.

35. On January 18, 2019, Emerson Electric Co. began two *Inter Partes* Review proceedings, in which the Petitioner alleged the unpatentability of the claims of the ‘708 Patent, IPR2019-00545 and 547. On August 30, 2019, the Patent Trial And Appeal Board of the United States Patent and Trademark Office instituted a trial in both IPRs.

36. The ‘708 Patent is currently being prosecuted in the ITC Action. In the ITC Markman Order, the ITC held that dependent claim 5 of the “708 Patent was indefinite because “claim 1 is too far removed from claim 5 to permit a POSITA to determine with reasonable certainty which ‘preformatted message’ is the antecedent.” No other claim of the ‘708 Patent was determined to be indefinite or otherwise invalid. The dependent claim held indefinite is not being pursued here.

37. Defendant has been aware of the ‘708 Patent and its application to ABB’s products since at least about the day the Patent issued, because Defendant had taken two separate licenses under the pending U.S. Patent Application that issued as the ‘708 Patent with respect to products related to the Accused Instrumentalities. Further, Plaintiff specifically brought the ‘708 Patent and Defendant’s acts of infringement to Defendant’s attention by verbal and written communications beginning on January 17, 2019, and, on March 13, 2019, delivered to ABB a claim chart demonstrating Defendant’s infringement of the Patent. Defendant never responded

substantively to Plaintiff's notice of infringement. Defendant's acts of infringement have been willful.

38. Defendant ABB has directly infringed and continue to infringe at least independent claims 1 and 16, and dependent claims 2, 8, 9, 10, 17, 18, 19 and 20 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling the Accused Instrumentalities. The correspondence between claim 1 of the '708 Patent and representative ABB accused wireless communication devices is shown in Exhibit D.

39. Defendant's acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff are entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 9,430,936**

40. Plaintiff hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-20 and incorporates them by reference.

41. Plaintiff SIPCO is the owner by assignment of United States Patent No. 9,430,936 entitled "Systems And Methods For Monitoring And Controlling Remote Devices" ("the '936 Patent"). The '936 Patent was duly and legally issued on August 30, 2016. A true and correct copy of the '936 Patent is attached as Exhibit E.

42. Defendant ABB has directly infringed and continue to infringe claims 1-7 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling the Accused Instrumentalities. The correspondence between claim 6 of the '936 Patent and representative ABB accused wireless communication devices is shown in

Exhibit F.

43. Plaintiff specifically brought the ‘936 Patent and Defendant’s acts of infringement to Defendant’s attention by verbal and written communications beginning on January 17, 2019, and, on March 13, 2019, delivered to ABB a claim chart demonstrating Defendant’s infringement of the Patent. Defendant never responded substantively to Plaintiff's notice of infringement. Defendant’s acts of infringement have been willful.

44. Defendant’s acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff are entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant’s wrongful acts.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 9,439,126**

45. Plaintiff hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-20 and incorporates them by reference.

46. On September 6, 2016, United States Patent No. 9,439,126 (“the ’126 Patent”), titled “Wireless Network Protocol System and Methods,” was duly and legally issued by the United States Patent and Trademark Office to the inventor. The ’126 Patent claims priority to International Application No. PCT/US2006/002342, filed on January 25, 2006 and U.S. Provisional Application No. 60/646,689 and has the same common inventor — Mr. Petite — as the ’893, ’511, and ’708 Patents. A copy of the ’126 Patent is attached as Exhibit G.

47. Plaintiff SIPCO is the owner by assignment of the ‘126 Patent.

48. On January 18, 2019, Emerson Electric Co. filed two petitions for *Inter Partes* Review, in which the Petitioner alleged the unpatentability of the claims of the ‘126 Patent, IPR2019-00548 and 549. However, on September 5, 2019, the Patent Trial And Appeal Board

of the United States Patent and Trademark Office refused to institute a trial with respect to either petition because "information presented does not show a reasonable likelihood that Petitioner would prevail in showing that at least one of the challenged claims of the '126 patent is unpatentable on the grounds asserted in the Petition."

49. Defendant ABB has directly infringed and continue to infringe at least independent claims 1, 7 and 12, and dependent claims 2-5 and 8-11 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling the Accused Instrumentalities. The correspondence between claim 1 of the '126 Patent and representative ABB accused wireless communication networks is shown in Exhibit H.

50. Defendant's acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff are entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 7,103,511**

51. Plaintiff hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-20 and incorporates them by reference.

52. On September 5, 2006, United States Patent No. 7,103,511 ("the '511 Patent"), titled "Wireless Communication Networks for Providing Remote Monitoring of Devices," was duly and legally issued by the United States Patent and Trademark Office on September 5, 2006 to inventor Thomas D. Petite. The '511 Patent is based on U.S. Patent Application No. 09/925,269, filed on August 9, 2001. An *ex parte* reexamination certificate, US 7,103,511 C1, issued for the '511 Patent on October 25, 2011. A copy of the '511 Patent , together with its certificate of reexamination, is attached hereto as Exhibit I.

53. Plaintiff is the owner by assignment of the Patent.

54. On February 2, 2015, FieldComm Group instituted an *Inter Partes* Review proceeding, in which the Petitioner alleged the unpatentability of claims 1–4, 6–11, 27–47, and 51–64 of Patent 7,103,511, as amended by the above *ex parte* reexamination certificate, IPR2015-00663. The Patent Trial And Appeal Board of the United States Patent and Trademark Office, however, denied the petition on grounds of lack of evidence of unpatentability.

55. In the ITC Action, the ITC Markman Order determined that the term "wide area network (WAN)," which is an element of all the '511 claims, was indefinite. The ITC had no jurisdiction to issue the determination as to the '511 Patent, because the '511 Patent was withdrawn and the ITC had already terminated investigation as to the '511 Patent, when the ITC Markman Order was issued. Further, even if the ITC Markman Order was properly entered, the ITC Markman Order as to this term is legally erroneous and will be challenged in future proceedings. Further, the determination as to this term is inconsistent with prior judicial construction of the term by the federal courts. See *SIPCO, LLC v. Amazon.com, Inc*., 2012 WL 5195942, at *16 (E.D. Tex. 2012) ("construes the term 'wide area network' to have its plain and ordinary meaning," which "does not include a local area network"); see also *SIPCO, LLC V. ABB, Inc*., 2012 WL 3112302 (E.D. Tex. 2012), adopted 2012 WL 12842877 (E.D. Tex. 2012).

56. Defendant ABB has directly infringed and continues to infringe at least independent claims 1, 8 and 44, and dependent claims 2, 3, 4, 33, 34, 35, 45, 46, 47, 56, 57, and 58 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and/or selling the Accused Instrumentalities. The correspondence between claim 1 of the '511 Patent and representative ABB accused wireless communication networks is shown in Exhibit J.

57. Defendant has been aware of the ‘511 Patent and its application to ABB’s products since at least November 25, 2014, when Defendant had taken two separate licenses under the Patent with respect to products related to the Accused Instrumentalities. Defendant’s acts of infringement have been willful.

58. Defendant’s acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff are entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant’s wrongful acts.

**COUNT VI**
**INFRINGEMENT OF U.S. PATENT NO. 7,978,059**

59. Plaintiff hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-20 and incorporates them by reference.

60. On September 5, 2006, United States Patent No. 7,978,059 (“the ’059 Patent”), titled “System And Method For Monitoring And Controlling Remote Devices,” was duly and legally issued by the United States Patent and Trademark Office on July 12, 2011 to inventors Thomas D. Petite and Richard M. Huff. A Certificate of Correction was issued on August 14, 2018. A copy of the ’059 Patent is attached hereto as Exhibit K.

61. Plaintiff is the owner by assignment of the Patent.

62. The ‘059 claims include a reference to a wide area network, which term is also found in the ‘511 Patent. The term is not indefinite for the same reasons as set forth above.

63. Defendant ABB has directly infringed and continues to infringe at least independent claim 7 (literally and/or under the doctrine of equivalents) by making, having implemented the Accused Instrumentalities to practice the method of claim 7. The correspondence between claim 7 and Defendant’s practice of the method of the ‘059 Patent is

shown in Exhibit L.

64. Defendant has had knowledge of the '059 Patent since at least November 25, 2014, when Defendant took a royalty-bearing license under the '059 Patent.

65. With knowledge of the '059 Patent, Defendant has induced its customers to acquire and use the Accused Instrumentalities solution in this country, including the practicing of the method of Claim 7. Defendant has actively, knowingly, and intentionally induced infringement of the '059 Patent, literally or by the doctrine of equivalence, by selling Accused Instrumentalities to their customers for use in end-user systems in a manner that infringes Claim 7 of the '059 Patent.

66. There is no substantial use for the Accused Instrumentalities that does not infringe Claim 7 of the '059 Patent. Defendant actively, knowingly, and intentionally has been and continues materially contribute to infringement of Claim 7 of the '059 Patent, literally or by the doctrine of equivalence, by selling the Accused Instrumentalities to its customers for use in end-user locations in a manner that infringes one or more claims of the '059 Patent.

67. Defendant has been aware of the '059 Patent and its application to ABB's products since at least November 25, 2014, when Defendant had taken two separate licenses under the Patent with respect to products related to the Accused Instrumentalities. Defendant's acts of infringement have been willful.

68. Defendant's acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff are entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter:

A. A judgment in favor of Plaintiff that Defendant have directly and indirectly infringed Patents 6,914,893; 8,964,708; 9,430,936; 9,439,126; 7,103,511; and 7,978,059;

B. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendant's infringement of Patents 6,914,893; 8,964,708; 9,430,936; 9,439,126; 7,103,511; and 7,978,059, as provided under 35 U.S.C. § 284;

C. A judgment and order holding that Defendant's infringement was willful, and awarding treble damages and attorney fees and expenses;

D. Judgment that this is an exceptional case, and, thus, awarding attorney fees and expenses to Plaintiff; and

E. Any and all other relief to which the Court may deem Plaintiff entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

September 17, 2019

*/s/ George Pazuniak*
George Pazuniak DE (No. 478)
Sean T. O'Kelly (DE No. 4349)
O'KELLY ERNST & JOYCE, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 478-4230 / 778-4000
(302) 295-2873 (facsimile)
gp@del-iplaw.com
sokelly@oeblegal.com

*Attorneys for Plaintiff*